# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-311-G |
| | ) |
| OSCAR REYNALDO GOMEZ, | ) |
| a/k/a Oscar Raynaldo Gomez, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is a Report and Recommendation (Doc. No. 27) issued on October 4, 2023, by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1). No objection has been filed by any party within the time allowed.

I. *Background*

Defendant Oscar Reynaldo Gomez has been charged with one count of arson in violation of 18 U.S.C. § 844(i). *See* Indictment (Doc. No. 22). On April 27, 2023, the Court granted Defendant's unopposed motion for a psychiatric examination. *See* Order of Apr. 27, 2023 (Doc. No. 14). The Court committed Defendant to the custody of the Attorney General and ordered the examiner to determine whether Defendant is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense; and whether he was insane at the time of the offense charged." *Id.* at 1-3; *see* 18 U.S.C. §§ 17(a), 4241(b).

Licensed psychologist Lisa Bellah, PhD, with the Federal Bureau of Prisons, conducted the psychological evaluation and concluded Defendant "did not currently present with symptoms of a mental disease or defect that negatively impact his ability to understand the nature and consequences of his charges or to adequately assist in his defense." Psych. Eval. (Doc. No. 17) at 10.

Defendant then requested and was granted an "independent psychological evaluation." Order of July 28, 2023 (Doc. No. 21) at 1. Forensic psychiatrist Reagan Gill, DO, conducted this second evaluation and concluded that Defendant "is currently incompetent to stand trial." Psych. Report (Doc. No. 26) at 1.

Judge Mitchell conducted a competency evidentiary hearing on September 27, 2023. Defendant appeared with counsel, Frances C. Ekwerekwu. Assistant United States Attorney Stan West appeared on behalf of the United States. *See* Doc. No. 24.

II.     *The Report and Recommendation*

In the Report and Recommendation, Judge Mitchell described the relevant evidence and proceedings in detail and found:

There is a preponderance of evidence that:

1. Defendant has schizophrenia;

2. His delusional beliefs preclude his understanding of the nature and consequences of the proceedings against him; [and]

3. He is unable to assist properly in his defense because of these delusional beliefs.

R. & R. at 13-14 (emphasis omitted). Judge Mitchell further found that "a preponderance of evidence establishes Defendant presently suffers from a mental disease or defect

rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* at 14 (citing 18 U.S.C. § 4121(d)).  The magistrate judge recommended that Defendant be found incompetent to stand trial and committed for hospitalization and treatment pursuant to 18 U.S.C. § 4121(d).  *See id.*

The Report and Recommendation advised the parties of their right to object by October 18, 2023.  Judge Mitchell also advised that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the Report and Recommendation.  *See id.* at 14-15.

## CONCLUSION

There being no objection to the Report and Recommendation, and the Court having reviewed the relevant record, IT IS ORDERED AS FOLLOWS:

The Report and Recommendation (Doc. No. 27) is ADOPTED in its entirety.  The Court "finds by a preponderance of the evidence" that Defendant Oscar Reynaldo Gomez "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(d).

IT IS THEREFORE ORDERED that Defendant is hereby committed to the custody of the Attorney General.  The Attorney General shall hospitalize Defendant for treatment in a suitable facility—

> **(1)** for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the

foreseeable future he will attain the capacity to permit the proceedings to go forward; and

**(2)** for an additional reasonable period of time until—

**(A)** his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

**(B)** the pending charges against him are disposed of according to law;

whichever is earlier.

*Id.* § 4241(d)(1)-(2).

IT IS SO ORDERED this 19th day of October, 2023.

_____
CHARLES B. GOODWIN
United States District Judge